UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

RAMON SANTIAGO,
    Movant,

2005 MAY 31 P 3: 38

v.

Civ. No. 3:04CV1700 (EBB)
Crim. No. 3:02CR295 (EBB)

UNITED STATES OF AMERICA,
    Respondent.

TRAVERSE TO GOVERNMENT'S MOTION IN
OPPOSITION TO MOTION TO VACATE CONVICTION
AND SENTENCE PURSUANT TO 28 U.S.C. Section 2255

NOW BEFORE the Court Movant, Ramon Santiago, acting pro se., respectfully moves this court in opposition to the government's motion opposing the movant motion to vacate conviction and sentence pursuant to Title 28 U.S.C. 2255. Movant reargues the following grounds for relief.

  1. Counsel failure to discuss the consequences of plea inform movant of the impact of the sentencing guidelines.

  2. Counsel failed to act as an advocate to object to establish law at the time of movant sentence for enhancement purpose.

1. Movant should have the instant motion decided on the merits. Pro-se litigant should be granted more flexibility in filing pleadings and in their compliance with procedural requirements than counseled defendants. United States v. Yizar, 956 F.2d 230 (11th Cir.1992). At the outset of the plea counsel never discussed with movant about the Sentencing Guidelines that movant sentence would be enhanced.1/ Counsel had an obligation to provide movant with knowledge of the guidelines that movant has a full knowledge of the guidlines that movant sentence would be enhanced. Under these circumstances a competent counsel would have warned the

movant of significant risk that movant sentence would be enhanced under the Sentencing Guidelines exposed motion to a greater sentence. Counsel performance prejudiced movant resulting in an unreliable or fundamentally unfair outcome of the proceeding. <u>Glover v. United States</u>,531 U.S.198,204 (2001). Counsel failure to discuss with the movant the application and ramification of the Sentencing Guidelines as it apply to movant.

At the sentencing phase the court asked movant whether he and counsel reviewed the presentence report movant answer was yes. However, movant said prior to sentence that he reviewed the presentence report was coerced by counsel to say. In light of what movant says he knew at the time prior to sentence,the statements he made then cannot be said conclusively contradict what he saying now. Statements made prior to sentencing are presumed truthful ,but presumption can be overcomes by credible reasons for departing from his earlier statements. In fairness,the movant should had been allowed to participate and have full knowledge.[2/] Counsel adverse conduct failure to discuss with movant the application and ramification of the Sentencing Guidelines as it apply to movant.[3/]

To prevail on an ineffective assistance of counsel claim movant must meet a two pronged test which was established in <u>Strickland v. Washington</u>, <u>466 U.S.668,687,104 S.Ct.2052,2064,80 L.Ed.2d 674 (1984)</u>, and requires that "the defendant must affirmatively establish: (1) that his attorney's performance was constitutionally deficient; and (2) that the deficiency performance prejudice the outcome of the case. Directing attention of

---

1/  On the date of movant sentence first time counsel present movant
    with a copy of the presentence report without any discussion about
    any enhancement to movant sentence.

the first prong of the test movant has establish that the performance of his counsel constitutionally deficient fall below an objective standard of reasonableness. Strickland,466 U.S.at 688,104 S.Ct.at 2064. Movant asserts that the specific acts or omissions that form the basic of his claim counsel failure to consult with movant after counsel provided movant the presentence report on the day of sentence. Jordan v. Housewright,620 F.Supp.47 (D.C.Nev.1985). Counsel knew that the movant lacked the ability to independently read and understand the presentence report. The plain language of 3552 (d), requires that the court assure that the PSI is disclosed to both defense and the defendant at least ten days prior to sentencing unless the defendant waives. Counsel has the overarching duty to advocate the movant cause to consult with movant on important decision to keep movant informed of important developments,and to mkae reasonable investigations or to make particular investigations unnecessary. 104 S.Ct.at 2065,2066. Counsel failed to avail movant of opportunities to discover the substance of the report,and to develop and rebuttal material,either at the sentencing hearing,or to advise movant of the necessity of presenting exculpatory evidence.

The violation constitutes a fundamental defect which inherently resulted in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure in which the statute 2255 provides. Counsel failed to inform movant that relevant conduct would be considered in his sentence. Due process guarantees movant the right to effective assistance of counsel on first direct appeal. Evitts v. Lucey,

---

2/ Due to movant schooling and level of drop out at the ninth grade,he could hardly understood the ramification of the sentencing guidelines during a short notice on the date of the sentencing.

469 U.S.387,83 L.Ed.2d 821,105 S.Ct.830 (1985). Movant counsel filed a timely notice of appeal upon appellate briefing counsel sought to file an Anders brief under the decision in <u>Anders v. California,386 U.S.738,743,87 S.Ct.1396,1399,18 L.Ed.2d 493 (1967)</u>, to refer to anything in writing that is in the record that could possible be arguably to support the appeal.

Movant appellate counsel was his plea counsel failure to point out the claim herein this motion,because counsel was ineffective of counsel. Movant appellate counsel actively represented conflicting of interests that adversely affected counsel performance. <u>Cuyler v. Sullivan,446 U.S.335,100 S.Ct.1708,64 L.Ed.2d 333 (1980)</u>. The fundamental and legal basis for the claim was reasonable available to counsel,where movant who was represented by the same assertly ineffective counsel at the sentencing hearing was unlikely raise his own ineffectiveness on appeal. Movant counsel was responsible for the default of movant claim due to his omissions at the stage of the proceeding at which movant entitle effective assistance of counsel. An conflict of interest existed in this case during the course of representation of counsel,the movant interest diverge with respect to a material,factual or legal issue,or to a course of action. <u>Cuyler,446 U.S.at 356 n.3,100 S.Ct.at 1722</u>. Counsel failure to consult,communicate,or discuss the presentence report with movant of the application and ramification of the Sentencing Guidelines the single error of counsel constitutes ineffective assistance of counsel. <u>Murray v. Carrier,477 U.S. 478,91 L.Ed.2d 391,106 S.Ct. 2639 (1986)</u>.

---

3/ It will be incumbent upon the movant to demonstrates that he should be entitled to any reduction of the offense level.

2. Counsel failure to object to sentence enhancement in the face of establish law of <u>Apprendi v. New Jersey,530 U.S.466,490 (2000)</u>, that "other than the fact of a prior convivtion,any fact increase the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." The statutory maximum for <u>Apprendi</u>, purpose is the maximum sentence a judge impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.

Counsel fails to surrender effective assistance of counsel prior to sentence and during the sentencing phase object to obvious establish law at the time of movant sentence. Failure to object to incorrect base level based on calculation of the Sentencing Guidelines,amounted ineffective assistance of counsel. Counsel failure to advise movant that the court could use relevant conduct to determine movant sentence. <u>United States v. De Alba Pagan,33 F.3d 125 (1st Cir.1994)</u>. Movant understood that his plea of guilty to a single count indictment charging a violation of Title 18 U.S.C.922 (g) (1) and 924 (a) (2). Inaccord with the plea agreement under the Sentencing Guidelines movant base level is fourteen. See U.S.S.G. 2ka.1 (a) (b). Movant history category based on his prior convictions is at six.

The enhancements were preposed by the Presentence Probation Officer and imposed by the sentencing court,movant counsel failure to object under <u>Apprendi</u>, that the maximum sentence movant could have received is 37-46 months. Counsel filed an appeal after sentence and thereafter, filed an Ander brief. 4/ Counsel failed to argue on appeal raise a significant and obvious claim,the failure could be viewed as deficient performance. <u>Mitchell v. Scully,746 F.2d 951,954 (2nd Cir.1984)</u>. An attorney's performance is judged on the basis on facts known to him

-5-

and the rules of law and procedure, he is held to know. At the time of movant sentence counsel fails to familiarize himself with the facts, law relevant to movant at the time of <u>Apprendi</u>, establish in relation to the guilty plea. The cumulative errors of counsel deprived movant of effective assistance of counsel prior to his sentence and on appeal. The evidence is clear when counsel fails to consult with movant prior to his sentence the impact of the Sentencing Guidelines how it affect the movant. Counsel had created a conflict of interest prior to movant sentence and on appeal when there is establish recognize law of <u>Apprendi</u>, foundation of extension to <u>Blakely</u>, and <u>Booker</u>. Counsel failure to advocate for movant before the court's the right to effective assistance of counsel was impaired when counsel operates under conflict of interest, because "counsel breaches the duty of loyalty the most basic of counsel duties." <u>Strickland</u>, 466 U.S. at 692.

Due to these extraordinary circumstances movant was prevented from raising his <u>Apprendi</u>, claim on direct appeal when the claim was clear for an adjudication at the time. The government claim hold no merit that <u>Apprendi</u>, does not affect movant, and that <u>Blakely</u>, and <u>Booker</u>, are controlled cases that are not made retroactive to movant case. In contrary movant argue <u>Apprendi</u>, as an extension vehicle in which arrive from <u>Blakely</u>, and <u>Booker</u>, in which he bring his claim. Movant procedural barred from raising the claim due to ineffective/ conflict of interest establish "cause." Movant 2255 motion read liberally to satisfy cause and prejudice standard. <u>Ratiff v. United States</u>, 999 F.2d 1023, 1226 (1993). Pro se.,

---

4/ Upon appellate counsel withdraw from the appeal movant filed a motion for a new counsel, the appellate court denied the motion. Thereafter, movant without counsel the appellate court fails to advise movant that he could file a pro se., supplemental brief.

-6-

pleadings including 2255 motion are to be liberally construed. Movant <u>Apprendi</u>, claim would have liberally construed as a claim of ineffective assistance of counsel where the claim procedurally defaulted, because counsel did not raise the claim on direct appeal. However, the claim may be brought in Section 2255 motion proceeding regardless whether it could have been raised on direct appeal. <u>Marraro v. United States</u>, 123 S.Ct.1690,1994 (2003).

<u>CONCLUSION</u>

Whereas, movant prays that this court should remand the case for resentence in interest of justice to correct a miscarriage of justice.

Respectfully Submitted

*Ramon Santiago*
Ramon Santiago
Reg. No.14884-014
Post Office Box 1000
Lewisburg, PA. 17837

-7-

## CERTIFICATE OF SERVICE

I, HEREBY STATES that the foregoing Traverse To Government's Motion in opposition to motion to vacate conviction and sentence pursuant to Title 28 U.S.C. Section 2255. Was mailed to the Clerk Office/ United States District Court/ District of Connecticut. On this 24th day of May, 2005:   And a copy was mailed to the following:

Robert M. Spector
Assistant U.S. Attorney
450 Main Street
Hartford, CT 06103