UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v. : | NO. 3:02CR295(EBB) |
|  : | NO. 3:04CV1700(EBB) |
| RAMON SANTIAGO : | |

RULING ON MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE

Petitioner, Ramon Santiago, has filed a motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his February 20, 2003, sentence claiming that his sentence was imposed in violation of the Fifth and Sixth Amendments to the Constitution under the holdings of Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakeley v. Washington, ___ U.S. ___, 124 S. CT 2531 (2004) because various enhancements to his base offense level were imposed by the court.

Petitioner pleaded guilty to count one of an indictment charging him with being in possession of a firearm which had been transported in interstate commerce after having been convicted in Connecticut Superior Court of two felonies, sale of narcotics and first degree larceny. The government represented during the Rule 11 colloquy that, if the case were to go to trial, it would establish through witness testimony and exhibits that the petitioner had accosted three persons, threatened one of them with a .45 caliber handgun which had been manufactured in Spain, had taken three dollars from the victim and then left in a car, saying he would return. Shortly thereafter, the police who had been summoned stopped the car which the victim

identified as petitioner's and, in removing him from the car, found the subject firearm underneath him in the driver's seat. Prior to this incident petitioner had been convicted of the aforementioned felonies. When questioned by the court, petitioner did not challenge the government's proffer.

Petitioner's presentence report placed him at a base offense level of 24 under U.S.S.G. § 2K2.1(a)(2), citing a 1995 felony conviction for sale of narcotics and a 1993 felony conviction for robbery in the third degree. A four-level enhancement was added to the base offense level under U.S.S.G. § 2K2.1(b)(5) because the firearm had been possessed in connection with another felony, i.e., first degree robbery. A three-level reduction for acceptance of responsibility resulted in an adjusted offense level of 25. Petitioner's criminal history category was established at level VI, he having accumulated eighteen points, and his sentencing guideline range was determined to be 110 to 120 months.

In a sentencing memorandum, defense counsel challenged the four-point enhancement for possession in connection with another felony and requested an offense level of 21 and a guideline range of 77 to 96 months. Although the court found the presentence report correctly calculated petitioner's guideline range, it departed downward to level 21 and sentenced him to a term of 96 months, to be followed by three years of supervised release, and a $100 special assessment.

Defense counsel filed a notice of appeal and moved to

withdraw, filing a brief urging under <u>Anders</u> v. <u>California</u>, 386 U.S. 738 (1967), that there were no non-frivolous grounds to attack petitioner's conviction and sentence. Petitioner then filed a motion for new appellate counsel. The Second Circuit Court of Appeals denied petitioner's motion and granted the government's motion for summary affirmance of the conviction. Petitioner's subsequent motion for reinstatement of the appeal was denied on November 17, 2003.

## DISCUSSION

<u>United States</u> v. <u>Booker</u>, ___ U.S. ___, 125 S. CT 738 (2005), following <u>Blakeley</u>, held that the United States Sentencing Guidelines, insofar as they allowed the maximum sentence authorized by a guilty plea or verdict to be increased based on factual findings (other than the facts of prior convictions) to be made by a judge, violated the Sixth Amendment, that the remedy was to make the guidelines advisory, not mandatory, and that these holdings were applicable to cases pending on direct review. In <u>Guzman</u> v. <u>United States</u>, 404 F.3d 139 (2005), the Second Circuit Court of Appeals held that <u>Booker</u> does not apply retroactively to cases on collateral review when the conviction at issue was final as of January 12, 2005.

Petitioner has, however, brought his claim as one of ineffective assistance for failure to raise both the enhancement issue and the establishment of his base offense level on appeal.

Under <u>Strickland</u> v. <u>Washington</u>, 466 U.S. 668 (1984) a convicted defendant, to prevail on an ineffective assistance

claim, must show (1) counsel's performance was deficient in that "he made errors so serious that he was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) that the deficient performance prejudiced the defense. Id. at 687.

Petitioner argues that his base offense level should be 14 rather than 24. Section 2K2.1(a)(2) of the United States Sentencing Guidelines provides for a base offense level of 24 if the defendant possessed the firearm subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense. Prior to the commission of the instant offense, petitioner had been convicted in Connecticut Superior Court of sale of narcotics and robbery in the third degree. Both Apprendi and Blakeley have made clear that their holdings restricting judicial fact finding do not apply to the fact of a prior conviction. Apprendi at 746; Blakeley at 2536-2537. Counsel's failure to raise this issue at petitioner's sentencing and on appeal was consistent with these holdings.

As to the enhancement for possession of a firearm in connection with another felony offense, counsel challenged this enhancement at sentencing but did not raise the issue on appeal. In Guzman, the Second Circuit commented that "The result in Booker was not dictated by Apprendi or ... Blakeley and that "[i]t cannot be said that the result in Booker was apparent to 'all reasonable jurists'..." Guzman, 404 F.3d at 142. Similarly, it cannot be said that failure to advance an issue

that was not apparent to the judiciary constitutes ineffective performance by counsel.

Furthermore, the court departed downward to adjusted offense level 21, the level which would have been applicable without the four-level enhancement for relevant conduct to which petitioner objects. Therefore, he has also failed to meet the second Strickland requirement of prejudice.

Accordingly, the motion [Doc. No. 39] is denied. A certificate of appealability will not issue, petitioner having failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

SO ORDERED.

_____
ELLEN BREE BURNS, SENIOR JUDGE
UNITED STATES DISTRICT COURT

Dated at New Haven, CT, this ____ day of June, 2005.